Marcus G. Christ, J.
Plaintiff sues on a promissory note dated April 8, 1955 in the sum of $5,000 maturing on May 8, 1955. The defendant, Maydole Hammer Corp., is the maker. The defendants, Morris Newmark and Louis A. Shapiro, signed on the face of the note as president and secretary, respectively, of the corporate maker and, in addition each of them signed the note as indorsers. The note is past due and unpaid. The indorsers have waived notice of presentment and dishonor.
The defendants allege that they did not make the note in its present form, denying that they pledged collateral for the note. It is admitted that the words on the face of the note “ as per collateral card ’ ’ were inserted by an officer of the plaintiff bank.
The case turns upon whether this was an unauthorized alteration of the note. In order to make this determination the history of the transaction must be examined. An application for the loan was made to the First National Bank of Inwood on behalf of the corporation by Newmark. That bank in late 1954 merged with the plaintiff bank. The bank discounted a $5,000 note dated October 15, 1954 due February 7, 1955. Neither the application for the loan nor the note called for collateral. There were discussions about a loan larger than $5,000 namely, $25,000, to be collaterated either in whole or in part. In any event, the October 15 note was marked paid on October 22, 1954 and surrendered to the defendants with a rebate of discount. No cash was paid to the bank. A new note dated October 18, 1954 due October 18, 1955 was given. This note is on a collateral note form and pledges securities in the following language: “David Maydole Tool Corporation, 5% convertible, *944 refunding mortgage bonds, 1960 Nos. R.M. 127, 128, 129, 130 and 131. Total $5000.” The form of this note is quite noticeably different from the first one. At the time this new note was given, the bank gave a receipt dated October 19, 1954 and received $10,000 of the bonds numbered R.M. 127 to 136, inclusive, in the name of Shapiro and by him indorsed in blank and also $10,000 of the bonds numbered R.M. 151 to 160, inclusive, in the name of Newmark and indorsed by him in blank. There can be no doubt that the note of October 18 was secured by collateral and was intended so to be. At about this time a dispute arose as to the additional loans to be made and, according to Shapiro, the bank refused to go further with the borrowers and the talk became quite acrimonious.
In the month of November, 1954 the bank learned that the Maydole Tool Corp., whose bonds it held as security for its note, had been petitioned into bankruptcy. Although the note still had almost a year to run by its terms, the bank demanded payment upon the theory that its security was impaired thus giving it the right to accelerate the maturity of the note. Whether this was correct in law or not, a new arrangement was made. The defendants signed a new application, dated November 22, 1954 for a $5,000 loan to replace the loan No. 68661 which was the October 18 note. In this application under the heading “ Security Offered” there appears the following recital: “ $10,000. David Maydole Tool Corp., 5% Convertible Refunding Mtge. Bonds 1960 ”. Under the heading “ Plan for Payment ” the application recites: “ $1,000.— Feb. 7/55 balance $1000.— month.”
A new note was given dated November 22, 1954 on the collateral note form of the Franklin National Bank of Franklin Square which recites the collateral of $10,000 in bonds of David Maydole Tool Corp. bearing the numbers R.M. 156 to 160, inclusive, and R.M. 132 to 136, inclusive. The due date of this note was February 7, 1955. The October 18 note was marked cancelled and the bonds bearing the numbers 127 to 131, inclusive, were returned.
On February 7, 1955 a new 30-day note was given to replace the note of November 22, 1954. This note was on a collateral note form but did not recite the collateral, that space being left blank. On March 9 a new note was again given for 30 days and subsequently on April 8, 1955 another note was given that being the one upon which this suit is brought. These later notes were all renewals of the November 22, 1954 note and were to evidence the original debt of $5,000 advanced on the note of October 15, 1954.
*945 The bank lawfully held the collateral under its note of November 22, 1954 and never intended to surrender it or lose its right to proceed against it. This was the agreement between the parties and when the subsequent notes were given the bank had the right to fill in the blank spaces to conform the note to the agreement. The note of April 8, 1955 contains in its last sentence an authorization to the bank to complete the note in accordance with the terms of the loan. Furthermore, section 33 of the Negotiable Instruments Law gives broad power to one in possession of a note to fill up the blanks. The defendant Shapiro is a Massachusetts attorney. His codefendant New-mark is a certified public accountant. Both have more than common knowledge in affairs of business and trade. Neither they nor the corporation which they represent may be heard to complain that the note form which they signed with blank spaces in it was filled in by the holder of the note. They could always have terminated the business with the bank by paying the money owed and thereupon had the securities pledged as collateral returned. The arrangement here made on November 22,1954 was that the bank was to be secured by $10,000 in bonds. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment is awarded to the plaintiff against the defendants in the sum of $5,750, being unpaid principal of $5,000 and an attorney’s fee of $750 as provided in the note, with interest on $5,750 from May 8, 1955 together with the costs and disbursements of this action.